United States v. Diaz, and that is 20-1269. Let's see, and I guess Mr. Pincus, I think it's you on this one. It is me, your honor. May it please the court, my name is Howard Pincus from the Federal Public Defender, and I represent Dade Diaz, who actually prefers to go by Silvio Amador. Mr. Amador was treated differently than others who are in his situation, who are facing state charges and are indicted for illegal re-entry. He was not even arraigned on the federal charge until almost a year after it was brought. This delay meant that he lost the chance that most in this situation have, and exercise, to resolve the federal case first and to avoid a large guideline increase. As a result, there was unwarranted disparity with others like him, and his sentence is substantively unreasonable. The way it typically works in this circuit is in accordance with this case's decision in United States v. Seltzer. In this circuit, prosecutors will typically move an indictment well in advance of a year so they can bring the case to trial within a year, because if they don't, there's a presumption that the delay is prejudicial for speedy trial purposes, and this court made clear in Seltzer that the mere pendency of state charges does not justify delay. There has to be a particularized showing of a reason for the delay. But this isn't a speedy trial case. No, it is not. You haven't made a speedy trial, so I'm not sure that the speedy trial analysis in your brief is all that relevant here. Well, if we were making a speedy trial claim, of course, we would be asking for dismissal. We're not asking for that, and we never did. What we were pointing out in the district court and what we're arguing here is that the way that this case was handled is different than the norm, and the norm is how it would be handled in accordance with this court's speedy trial jurisprudence. So that's what resulted in the unwarranted disparity, the fact that Mr. Amador was not brought into federal court promptly or anywhere even close to promptly, and that as a result, he didn't have the advice of a federal lawyer who would say, you shouldn't resolve the state court case first. You should resolve the federal court case first because of the huge difference in the guideline range. The fact that he resolved the state case first meant that he got an eight-level increase in offense level, and that his criminal history category went up one. Instead of being in a 27 to 33-month range, he was in a 70 to 87-month range, and that's huge, obviously, and one would expect that if the prosecutor here had some valid reason for delaying an indictment that he brought, remember, the federal government didn't have to charge Mr. Amador when they did, but they did. They decided to proceed on this case, and once they did, they had an obligation to proceed in accordance with this court's authority, and if the prosecutor had any reason that might justify waiting until after the state case resolved, which was pretty much 11 months into the one-year period, and he didn't even secure Mr. Amador's two days shy of one year, making trial within a year impossible, if he had some good reason for this delay, one would expect that he'd be able to articulate it, and he couldn't. All he ever said was, we're well within our rights to wait until resolution of the state case, and that's not a good reason under SUBSER. So if this case had proceeded as these cases typically do with the obstructions, Mr. Amador would have had the chance to resolve the federal case first and not the state court case first. That's what leads to the unwarranted disparity here. Unlike others in his situation, he faced a dramatically higher guideline range, and that creates unwarranted disparity that between what somebody in a situation would typically be facing, 27 to 33 months, and what he faced, 70 to 87 months, and there's nothing here apart from that that would justify a sentence as long as a district court gave. The court spoke about deterrence, but the only deterrent that Mr. Amador had come back to this country previously, and he had come back a few times, and he had an illegal re-entry conviction. His illegal re-entry sentence there was 16 months, far less than the 63 months the district court imposed would have served deterrence more than adequately, and the guideline range of 27 to 33 months indicates that. And Mr. Amador's criminal history apart from the illegal re-entry is fairly minor. He has a false information and trespass conviction from 2004 for which he got three days. He had a possession of a that was revoked and he got time served where he got 90 days. He has a false information from 2009 where he got 90 days. He has that illegal re-entry case of 16 months and a DWAI with 12 months of probation where it was revoked and he got 298 days which was the equivalent of time served. So there's nothing in his criminal history that would justify a sentence of this length for the guideline range. The guideline range that true is the correct guideline range because his state case was resolved first. But if he had been if this case had been handled as defense counsel represented is often the case where prosecutors federal prosecutors proceed an indictment promptly it would have been less. And if even even if you can't say well it's typical that they bring them in very quickly certainly where they wait close to a year and that's what causes the case to resolve first that's what this court is talking. It sounds to me like what you want the defense to your your argument is is that listen there are serious consequences to this state court conviction and had he known about the federal charges earlier had they had they pressed those earlier he could have gamed the state court sought extensions tried to drag it out as long as possible to to keep the state court conviction from becoming final in in an effort to undermine the the sentencing options of the federal judge. I mean that sort of you're gaming it one way or another aren't you I mean you're claiming the government's gaming it by not filing but I mean they could claim that you're gaming it by wanting to delay the state court proceeding and not pleading guilty. Well they're the ones with the obligation to proceed promptly on the indictment and that's they typically do and that's what they should have done under this court's decision in Seltzer. Then it's for Mr. Amador to decide what how should he reasonably resolve these cases. He may have had a defense to the state case and thought well I'll just you know I'll accept the two years and that'll be that not knowing that there was a federal charge in the offing and that his plea in the state court case would jack up the federal sentence from 2027 to 33 months the guideline range to 70 to 87 months. He is the one who should be apprised of what charges are pending against him so he can make informed decisions with his counsel state and federal as to how best to proceed and he was deprived of that chance by the prosecutor's delay. Delay that they have they did not offer any justification for. But you didn't or you didn't make a speedy trial argument and so they didn't have to justify their delay and by the time it gets to the sentencing judge when he's looking at I don't he or she I don't remember looking at disparity it's not disparity by the whole world of people out there. It's disparity among people with the same criminal history record and while it would have been nice if the criminal history were different what the judge was faced with was the the actual fact that he had been convicted in state court. So I don't know that you can say the court ignored disparity because the the comparator you want to use isn't the comparator that you use in that situation. Well this is a unique situation for such a comparison what we're saying is the comparison needs to be with those who were charged like Mr. Amador was charged and what typically happens in that situation and in this circuit we know what happens which is prosecutors can be expected to honor their obligations and they will bring people to trial to or bring them at least in for arraignment well in advance of the one year so that if there's going to be a trial it can actually happen within one year. That didn't happen here and the prosecutor did give his reasons for his inaction. This was a basis for the request for wait till the state court case resolved and that's not what could happen that's not a valid justification under Seltzer. There would need to be other reasons and there's there's nothing here. If you were making a speedy trial argument I think you'd be heading straight down the path. I think the problem here is let's let's make a few assumptions. Let's assume he didn't plead guilty in the state court prior to federal sentencing and he's at sentencing and the prosecutor says judge I want you to vary upward because Mr. Amador is facing these state charges and the if he's convicted and the evidence is strong here is the evidence and the prosecutor puts on some evidence of what what he's looking at and he says if he's convicted then he would be subject to this higher guideline range and the lower guideline range urged by Mr. Pincus is under representing his criminal history so you should vary upward. I mean what would you say to that? Well of course the court can vary and the court could consider all of his criminal conduct or really any information in imposing a sentence. So is such a virus possible? Yes. We don't know that it would have happened here. We don't know. I mean the court could have varied here. Your client asked for it. The evidence of the government delay was put on. The government gave a weak excuse for waiting a year. I mean maybe even telegraphing that they were hoping to to pop Mr. Amador with a bigger sentence and the district court said no. I'm not going to vary downward like that. I am going to come down but not like you want me to. And if we were making a procedural reasonableness argument the fact that the district court considered the variance request would be the end of the matter. But we're not. We're making a substantive reasonableness argument of course. And back to your point about the possibility of the district court varying. If this case had been resolved first it would still wouldn't support a from 33 months up to 63 months. And if the court had varied we also don't know if the if the state court if they would have proceeded on that or would have said well they've already gotten their pound of flesh from Mr. Amador based on considering that fact in his federal sentencing. Certainly what a state court lawyer would argue and might advise him to rejectably. His plea for the trespass was right in the middle of the one to three year presumptive range for that case. Two years. And the drugs that were found were a very minor amount. I think it was 0.13 grams of methamphetamine that were dropped. So it's certainly possible if the federal court had varied like your honor suggests that the state court proceedings wouldn't have resolved as they did or that the sentence would have wound up being concurrent and that he wouldn't have had the additional time that he had from the state court sentence. So I think those are very likely possibilities. We would ask that this court vacate Mr. Amador's sentence as substantively unreasonable and remand for resentencing taking into for the district court to take into account the unwarranted sentencing disparity here. Thank you. Thank you. Ms. Malani. May it please the court. Elizabeth Ford Malani for the government. The guidelines range in this case was 70 to 87 months in prison. The district court sentenced Mr. Diaz to 63 months. Mr. Diaz is not challenging that guidelines calculation based on the facts that were before the district court. And he's made clear he's not raising a speedy trial challenge. So the only question this court must answer is whether that below guidelines sentence was within the realm of rationally available choices. It was. Mr. Diaz's key argument is that the sentence in court should have imposed a 30-month sentence to avoid disparities between Diaz and other defendants who were immediately arraigned after indictment. Judge McHugh, I think that you summarized the response to this position perfectly. That's just not the disparity inquiry under 3553A6. It examines defendants with similar records and convicted of similar conduct. Here Mr. Diaz's record includes the state trespassing conviction. So the comparison under the disparity inquiry would have to include some defendant with a similar record as Mr. Diaz in this case. It doesn't give the government quite a lot of power by delay to change the comparators so that they treat in practical effect. They are treating Mr. Amador differently than most other defendants in this situation. Perhaps, Your Honor, but I think it's worth pointing out that because a speedy trial issue was never raised in the district court, Seltzer didn't sort of trigger the prosecution to make this explanation as required under Seltzer to set out why they were delaying. There could have been very good reasons, but they just aren't in the record because Seltzer didn't apply is our argument. But this is not a speedy trial argument, is it? It's saying that the speedy trial issue makes clear the disparity here. I mean, I'm not sure. I'm not sure I follow. I would say if he was treated as others are in order to deal with the speedy trial act as the government normally does, is that he would not have this eye of a range. So he's not making a precisely a speedy trial argument. He's saying if he had been treated as others normally, that he would have gotten a lower sentence. Right, Your Honor. And I think the response to that is there could have been good reasons for the government to delay the arraignment in this case. But because the defendant didn't raise the speedy trial claim specifically, Seltzer didn't trigger the government's requirement to explain why the delay was occurring. So I guess I agree sort of to your point, but I think that there could have been good reasons. And I think that in this case, because that triggering event never occurred, we don't know those reasons. But as it stands, 3553A6 looks at the criminal record. Here, Mr. Diaz's criminal record included that state trespassing conviction. So comparing him to the hypothetical typical defendant in the circuit really doesn't get him very far. Because what we're looking at is defendants with similar records, convicted of similar conduct. And he doesn't put forth any specific case in which there was a huge disparity. Here, the district court varied downward based on the sentence imposed in the state trespassing case, and the anticipated guidelines range that was put forth in the plea agreement. It highlighted two sentencing factors justifying that sentence, like deterrence, as well as the fact that the court was concerned about protecting the public. The district court also explained why it declined to vary further based on the prosecutorial delay, separate from the speedy trial analysis. First, the court pointed out that Mr. Diaz didn't have some inherent right to dictate when the prosecutions would occur. And second, the court said that Mr. Diaz's argument at bottom effectively required the district court to ignore his state trespassing conviction. And it didn't think that it had the authority to do that. It didn't see that. With respect to the first reason, I mean, in fact, Mr. Diaz does have an inherent right to, with respect to when he's prosecuted, and that right is under the Speedy Trial Act. Certainly. But because he did not raise that right, I think that that's where that falls flat. That argument falls flat. He didn't argue. But I mean, he didn't raise it, but it the district court's analysis to say that the right didn't exist. He may have waived the right, but he had the right. Certainly. Yes, Your Honor, that point well taken. But I think that the fact still remains that because this right was not asserted, we don't know why the government delayed. It's not in the record. So there are, just as in, Seltzer doesn't foreclose the possibility that the federal prosecutors can wait until the state prosecution ends and still be consistent with the Sixth Amendment. In fact, Seltzer just says you need to have a good reason to do it. And it's possible that there was a good reason to do it here, such that there would be no Sixth Amendment violation. And I think that that's how the district court record can be read holistically in that regard. I mean, it seems to me that in the case of the SPD trial, there is a possibility that the manner in which Mr. Pincus' argument should come up may be in the 3553 context. And that, you know, obviously Mr. Pincus' client chose not to raise the SPD trial claim. So they have to live with the timing of the convictions. And there, but there's no reason at sentencing why they couldn't urge a downward variance based on this. And in some cases, it could be compelling and interesting argument to present. And the district court is able to agree or disagree and either very downward or not. What do you think about that? I think that that is borne out in cases. I haven't found any in the Tenth Circuit, but in other circuits, namely the Seventh Circuit, courts have considered it, have considered that prosecutorial delay. But in those cases, the district court found that 3553A factors other than that delay were simply more compelling. So it rejected the defendant's argument based on that delay. And I think that you could read that from the record here too. The defendant, while not pressing disparity particularly hard, I went back and looked in the sentencing transcript and the word disparity only comes up once, but that argument was before the district court, but it simply found that there were other circumstances of 3553A that were more compelling, those being deterrence and protecting the public. So certainly, I don't disagree that such a delay could be considered, but here the court considered it and just rejected the defendant's argument. That's not to say that the defendant didn't get some sort of credit here, but recall that the district court did vary downward by seven months from the bottom of the applicable guideline range. It just didn't do so based on that disparity point. And I think that was well within its discretion. But the defendant asked for 30 months variance, correct? Yes, Your Honor. And gave arguments why he should get it. And part arguments was this very thing, and that is he was not charged, or excuse me, he was not arraigned until 11 months after he was charged, correct? Right. Now you say that seltzer only requires an explanation by the prosecutor of why they delayed. Why didn't the facts of this case that you've just acknowledged require, in fairness, did the government say why they delayed 11 months? I just don't think that that language is in seltzer. It's very clearly a speedy trial case. I know. I'm not talking that. Seltzer was a speedy trial act, right? Right. Everybody says it's not a speedy trial act case. Right. Mr. Pinker says that. Everybody understands that. But it is a case where it's very clear in the sentencing that the guy gets a much higher range than he would have gotten had it proceeded earlier, correct? Correct. That's right? Correct. Don't those facts suggest that quite aside from speedy trial act, quite aside from seltzer, in the interest of fairness, the government needs to come forward and say why they delayed 11 months between indictment and arraignment? Perhaps that would be a good practice, but I just don't read the case law as requiring this under seltzer or, you know, any other. Until that argument is raised, I don't think that the government necessarily has an obligation to head off every single potential. Well, is this court supposed to encourage better practice in its decisions? Certainly. Yes, your honor. Then then would that suggest that a decision in this case should be that the appellate is correct, and maybe the government would then would undertake better practices? Certainly, your honor. But I think it would be quite the departure from I'm just not aware of case law that requires this, and so I think that setting forth this requirement where none existed on prosecutors at the time of arraignment indictment and those sorts and making this record that isn't required yet. I think that I'm not. I'm not saying that you're required to arraign right soon after indictment. What I'm saying is that if there's a delay close to a year, you may. Maybe you should be obligated to explain why that happened. I, I think that that would be a departure from this court's precedent, and so I think that requiring that for the trial USA in this case, or the rather the plea USA in this case would be a departure. Oh, how about that? Oh, go ahead. No, you go ahead. Well, I was going to say how. How about the idea that if Mr Pincus's client raises this at sentencing. And the government doesn't explain that the trial judge is free to say the government has no good explanation for why they delayed. And so therefore. I'm going to grant the departure. Because the government failed to justify their delay. So I guess I would have. I would wonder how that would come up in terms or how that would be required under the laws. It stands, but I do want to make the point that I'm asking you if it would permissible, wouldn't it be permissible? Mr Pincus gets up and he says, Your Honor, the guideline range is 77 to 87 months. It's patently unfair because they delayed a year and in indict in bringing my client into federal court. After they indicted him and they had no reasonable justification for doing so. And the judge says, Miss Malani. What's your response? And you say, well, we were within our rights and the judge says, Oh, not good enough. I needed an explanation. You gave me no explanations. I'm granting the downward variance. I mean, wouldn't that be appropriate? I suppose the judge could do that, Your Honor. But what I would point out is that this argument is made in the context of the disparity factor under 3553 A6. That's the circumstance in which Mr Pincus and Mr Diaz raised this claim. Even if the government didn't have a very good reason, let's say the district court could still conclude that the other 3553 A6 or 3553 factors were more compelling than that bad reason that the government gave. So I don't think that that would necessarily warrant a variance that the defendant requests in every case. I do think it's worth pointing out that this is all a totality of the circumstances analysis. And even if the government's rationale for delaying was lacking in the district court's view, that doesn't mean that the defendant is entitled to the sentence that they seek. But the very hypothetical you put out what would happen at sentence after this is raised in this, the court could go on to 3553. That didn't happen because the government didn't come forward and say, well, this is why we delayed. So in that case, Your Honor, are you asking what the district court would do in that scenario? I'm just saying that your hypothetical would be different if they had come forward, the government, and if they've been put to the burden of showing why they delayed and they gave no good explanation. But again, I think that that would still fall under was this defendant treated unfairly with regard to other defendants? And does that fall under the disparity? And disparity is just one of the factors that the court is to consider in sentencing a defendant. So there could be other factors. For instance, the court specifically cited deterrence here and the necessity to protect public safety, that those could have outweighed any sort of bad representation by their lacking or insufficient representation by the government as to the rationale behind the delay. So I think that in this case, the court did exactly what it was supposed to do. It balanced the arguments, considered them, it gave a cogent and reasonable basis for the sentence that it gave. And it departed, excuse me, it varied downward from the guidelines that the defendant doesn't dispute applied here. So for all these reasons, the sentence was substantively reasonable. And it is entitled to deference from this court. This court should affirm Mr. Diaz's sentence. Thank you. Thank you. Mr. Pincus, you have one minute and four seconds. Thank you, Your Honor. Just very briefly, Mr. Amador raised in the district court seltzer. He argued that the failure to comply with seltzer resulted in the guideline range being markedly higher. That's volume one, pages 38 to 39. And it's not that the government didn't offer a reason, they offered a reason in response. And the reason was we have the right to wait. And that's not under seltzer. One, just one other point, which is that the district court said it was varying for one of two reasons. And the other reason was that Mr. Amador was, although the court didn't accept his argument that his criminal history category was overrepresented. It did think that was a reasonable argument. And that if it used the category of five, rather than six, it would have gotten to a lower sentence. I think that suggests that any large variance here from the range that would have applied if Mr. Amador had been treated like others in this situation, wouldn't justify a variance anywhere close to getting you up to the 63 months that the sentence here was, and that sentence is substantively unreasonable. Thank you. Thank you. We'll take this matter under advisement.